# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Bernard M. McPheely, Trustee for the Bernard M. McPheely Revocable Trust Dated May 25, 2012; Thomas P. Hartness, Trustee for the Thomas P. Hartness Revocable Trust Dated July 31, 2010; Brian McPheely; and Robert Daisley,<br><br>           Plaintiffs<br><br>    v.<br><br>Edward S. Adams; Michael R. Monahan; Robert Linares; Theodorus Strous; and Adams Monahan, LLP,<br><br>           Defendants,<br><br>   and<br><br>Scio Diamond Technology Corporation, Inc., a Nevada corporation,<br><br>           Nominal Defendant. | Case No. _____<br><br><br><br><br><br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)**<br><br><br>[South Carolina Court of Common Pleas, Case No. 2013-CP-23-04047 (filed July 26, 2013)] |

**TO THE CLERK OF THE COURT, THE PARTIES AND THEIR ATTORNEYS:**

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(b), defendants Edward S. Adams, Michael R. Monahan, Robert Linares, Theodorus Strous, and Adams Monahan, LLP (collectively, "Defendants") hereby remove this action from the Court of Common Pleas of the State of South Carolina, in and for the County of Greenville, to the United States District Court for the District of South Carolina, Greenville District.  Defendants are entitled to such removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based upon the following:

    1.    On July 26, 2013, a complaint was filed in the Court of Common Pleas of the State of South Carolina and in the County of Greenville, entitled *Bernard M. McPheely v.*

*Edward S. Adams*, No. 2013-CP-23-04047 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Based on Plaintiffs' proofs of service filed in the South Carolina court, the complaint was served on Defendant Monahan on August 16, 2013, on Defendant Adams Monahan, LLP on August 16, 2013, on Defendant Adams on August 26, 2013, and on Defendant Linares on August 30, 2013. Defendant Strous has yet to be served. This notice of removal is being filed within 30 days of the date of service of the last-served defendant, *i.e.*, Defendant Linares on August 30, 2013. *See* 28 U.S.C. § 1446(b).

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b), because, as explained further below, it is an action between citizens of different states and a foreign country, and, as alleged in the Complaint, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Complete diversity of citizenship exists. Plaintiffs Bernard M. McPheely and Thomas P. Hartness are citizens of South Carolina; plaintiff Brian McPheely is a citizen of Georgia; and plaintiff Robert Daisley is a citizen of Florida. (Compl. ¶¶ 10-13.) Defendants Edward S. Adams, Michael R. Monahan, and Adams Monahan, LLP are citizens of Minnesota; defendant Robert Linares is a citizen of Massachusetts; and defendant Theodorus Strous is citizen of Belgium. (Compl. ¶¶ 15, 17, 19, 20, 22.)

| Plaintiffs | Defendants |
| --- | --- |
| B. McPheely (South Carolina) | E. Adams (Minnesota) |
| T. Hartness (South Carolina) | M. Monahan (Minnesota) |
| B. McPheely (Georgia) | Adams Monahan, LLP (Minnesota) |
| R. Daisley (Florida) | R. Linares (Massachusetts) |
|  | T. Strous (Belgium) |

5.  Scio Diamond Technology Corporation ("Scio" or the "Company"), the nominal defendant in this case, is a citizen of Nevada and has its principal place of business in South Carolina. (Compl. ¶ 14.) For purposes of determining diversity jurisdiction on removal, the Court should disregard the nominal defendant's citizenship and only consider the parties in interest, *i.e.*, Plaintiffs and Defendants. *See Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. 652, 655 (D. Md. 1998) (holding in a derivative shareholder suit that "the nominal corporation is essentially disregarded, and the court focuses on the parties to the controversy at issue"); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest [diversity] jurisdiction only upon the citizenship of real parties to the controversy.").

6.  Even if the Court were to consider Scio's citizenship for diversity purposes, the nominal defendant in a derivative action—on which behalf and benefit the action was filed—should be aligned with plaintiffs. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). Plaintiffs expressly allege that they "bring this action derivatively in the right and for the benefit of [Scio]." (Compl. ¶ 204.) Thus, in any event, there remains complete diversity of citizenship.

7.  The amount in controversy requirement is also satisfied, based solely on the allegations in the Complaint. Plaintiffs allege in the Complaint that the Company has been damaged by Defendants' purported breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty, corporate waste, civil conspiracy, and unjust enrichment. Based on their allegations, Plaintiffs seek recovery on behalf of Scio for direct and consequential damages, pre- and post-judgment interest, appropriate equitable relief, reasonable attorneys' fees and costs, and other relief as deemed just and proper by the court. (Compl. at 64.) In particular, the Complaint alleges that Defendant Adams Monahan, LLP improperly charged Scio Diamond $131,984.19 in legal fees. (Compl. ¶ 165.) The Complaint further alleges that Defendants Adams and Monahan "used their control of the Scio Board" to have the Company improperly indemnify them for a settlement payment consisting of "$90,000 in cash and the transfer of 1,000,000 shares of

3

common stock of Scio held by Adams and Monahan." (Compl. ¶ 193.) Although Defendants deny any liability and Plaintiffs' prayers for relief, Plaintiffs' allegations demonstrate that the amount in controversy exceeds the sum of $75,000, excluding costs and interest.

8. Assignment of this action to the United States District Court for the District of South Carolina, Greenville Division, is appropriate because this action is being removed from the Court of Common Pleas of the State of South Carolina in and for the County of Greenville.

9. Defendants do not waive, and expressly preserve, all objections, including those of forum and venue, and the propriety of continuing this matter in federal or state court as opposed to binding arbitration.

10. Defendants are concurrently serving written notice of the removal of this action upon Plaintiffs and will file such notice with the Clerk of the Court of Common Pleas of the State of South Carolina, in and for the County of Greenville, as required by 28 U.S.C. § 1446(d). *See* Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 2**.

11. Defendants are represented by the undersigned counsel in connection with this Notice of Removal.

12. Pursuant to 28 U.S.C. § 1446, each Defendant and the nominal party, Scio, have consented to removal, after consultation between the attorneys for Defendants and Scio. *See Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013).

13. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE, Defendants remove the original action brought by Plaintiffs now pending in the Court of Common Pleas of the State of South Carolina in the County of Greenville to this Court.

Charleston, SC

September 27, 2013

Respectfully submitted,

MOORE & VAN ALLEN PLLC

By  s/Douglas M. Muller
    Douglas M. Muller Fed Bar No. 05433
    78 Wentworth Street
    Charleston, South Carolina 29401
    Telephone:  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
    Fax:  843-579-8719
    Email: dougmuller@mvalaw.com

*Attorneys for Defendants Edward S. Adams, Michael R. Monahan, Robert Linares, Theodorus Strous, and Adams Monahan, LLP*